UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEPI SCHAFLER,

    Plaintiff,

    v.

BANK OF AMERICA MERRILL LYNCH,

    Defendant.

_____/

No. C 14-1879 PJH

**ORDER DENYING MOTION FOR RECUSAL**

Plaintiff Pepi Schlafler seeks an order disqualifying the undersigned district judge and an order of recusal under 28 U.S.C. § 455 and/or 28 U.S.C. § 144. The basis of her motion appears to be that on February 21, 2007, the undersigned granted the motions to dismiss filed by defendants in two prior related actions filed by plaintiff – <u>Schafler v. HSBC Bank USA</u>, C-06-5908 PJH and C-06-6887 PJH – and also granted defendants' motion to have plaintiff declared a vexatious litigant. Those rulings and the final judgment were affirmed by the Ninth Circuit Court of Appeals in a memorandum opinion issued January 26, 2009.

This case was randomly assigned to the undersigned pursuant to the court's Assignment Plan, as set forth in General Order 44. The general rule in federal court is that a judge should handle the cases assigned to him or her unless a legitimate reason for recusal exists. <u>See</u> <u>United States v. Holland</u>, 519 F.3d 909, 913 (9th Cir. 2008). Legitimate reasons for recusal are outlined in two statutes – 28 U.S.C. §§ 455 and 144 – and in § 3(C) of the Code of Conduct for United States Judges.

Section 144 provides, in relevant part:

    Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is

pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .

28 U.S.C. § 144.  If a judge finds a § 144 motion timely and the affidavit legally sufficient, the judge must proceed no further and another judge must be assigned to hear the matter. 28 U.S.C. § 144; U.S. v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).

Section 455 provides in relevant part:

(a) Any . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party . . . .

28 U.S.C. § 455.

Under both § 144 and § 455, the standard is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008).  A "reasonable person" is not "hyper-sensitive or unduly suspicious," but rather a "well-informed, thoughtful observer."  See id. (citing Holland, 519 F.3d at 913 (quotations omitted).

While the test for personal bias is the same under both statutes, the procedural requirements of the sections are different.  Sibla, 624 F.2d at 867.  Section 144 "expressly conditions relief upon the filing of a timely and legally sufficient affidavit."  Id. (citations omitted).  If the judge to whom the motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under § 144, "the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits."  Id. (citation omitted).

An affidavit filed pursuant to § 144 "is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." Id. at 868 (citation omitted).  More to the point, if the affidavit required by § 144 is not presented to the judge,

no relief under § 144 is available. Id. (citation omitted).  Here, plaintiff has provided no affidavit, let alone an affidavit supporting a legally sufficient basis for recusal.

Thus, the court considers plaintiff's motion under § 455, which, in contrast to § 144, sets forth no procedural requirements.  Section 455 "is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge." Id. at 867-68 (citation omitted). Moreover, § 455 contains no provision for referral of the motion to another judge.  That is, the decision regarding disqualification under § 455 is made by the judge whose impartiality is at issue.  See In re Bernhard, 31 f.3d 842, 843 (9th Cir. 1994).

If the judge sitting on a case is aware of grounds for recusal under § 455, "that judge has a duty to recuse himself or herself." Sibla, 624 F.2d at 868 (citation omitted).  The question under § 455 is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." Clemens v. U.S. Dist. Court for Central Dist. of Calif., 428 F.3d 1175, 1178 (9th Cir. 2005).

Plaintiff's arguments in the present motion are not sufficient to demonstrate bias. She claims that the court's conduct at the hearing was "rude, biased, unprofessional, insulting, sexist, defamatory and outrageous."  She raised the same issues in the motion for recusal filed in the two prior related cases on February 1, 2007, where she asserted that the court's conduct was rude and lacking in decorum, and constituted an unprovoked verbal assault.  The court considered that motion and found that it was "based entirely on the court's treatment of [plaintiff] at the hearing on defendants' motion to dismiss."  Order, Schafler v. HSBC Bank USA, C-06-5809 PJH, C-06-6887 PJH (N.D. Cal., February 21, 2007), at 12.  The court concluded that the allegations of bias were unsupported. Id. Similarly, in the present case, the court finds the allegations unsupported.

Moreover, a judge's prior adverse rulings provide an insufficient cause for recusal. The fact that a judge made rulings adverse to a party, standing alone, is not a basis for disqualification under § 455.  Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989); United States v. Studley, 783 F.2d 934, 939 (1986); see also United States v. McTiernan, 695 F.3d 882, 891

3

(9th Cir. 2012) ("expressions of impatience, dissatisfaction, annoyance, and even anger" by a federal district court judge "do not establish bias or partiality").

Recusal is warranted only "if rulings are based on extrajudicial 'knowledge that the [judge] ought not to possess' or 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" Blixseth v. Yellowstone Mountain Club LLC, 742 F.3d 1215, 1220 (9th Cir. 2014) (citing Liteky, 510 U.S. at 550).  Here, the court's rulings in the prior related actions were based on the merits of the motions.  Plaintiff points to no bias or prejudice stemming from an extrajudicial source, nor to any favoritism or antagonism making fair judgment impossible.  Thus, there is no basis for recusal under § 455.  See Pau v. Yosemite Park, 928 F.2d 880, 884 (9th Cir. 1991).  Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Dated:  June 26, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge