UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEPI SCHAFLER,

    Plaintiff,

    v.

BANK OF AMERICA MERRILL LYNCH,

    Defendant.

_____/

No. C 14-1879 PJH

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the court is plaintiff's motion for reconsideration of the June 26, 2014 order denying plaintiff's motion for recusal. The motion is DENIED.

Civil Local Rule 7-9 authorizes parties to seek leave to file a motion for reconsideration "[b]efore entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." Civ. L.R. 7-9(a). "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Id.

Here, plaintiff did not seek leave of court before filing the motion. In addition, plaintiff's motion fails to meet the standard for seeking reconsideration. In seeking leave to file a motion for reconsideration,

    [t]he moving party must specifically show

    (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

    (2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). In addition, the party seeking leave to file a motion for reconsideration may not repeat any argument previously made in support of or in opposition to the interlocutory order which the party seeks to have reconsidered. Id. 7-9(c).

Here, plaintiff has made no showing that a material difference in fact or law exists from that which was presented to the court before entry of the order denying the motion for recusal. Nor has plaintiff shown that any new material facts have emerged or that any change of law has occurred since the issuance of the order, or that the court failed to consider material facts or dispositive legal arguments. Rather, plaintiff simply reiterates that recusal is warranted because certain issues in other cases brought by plaintiff in this court were in plaintiff's view wrongly decided.

As the court explained in the June 26, 2014 order, a judge's prior adverse rulings "almost never" provide a sufficient cause for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994). Recusal is warranted only "if rulings are based on extrajudicial 'knowledge that the [judge] ought not to possess' or 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" Blixseth v. Yellowstone Mountain Club LLC, 742 F.3d 1215, 1220 (9th Cir. 2014) (citing Liteky, 510 U.S. at 550, 555).

**IT IS SO ORDERED.**

Dated: July 9, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge